UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TREY STYLES,<br><br>                Petitioner,<br><br>   v.<br><br>DONALD HOLBROOK,<br><br>               Respondent. | CASE NO. 3:21-cv-05674-DGE-BAT<br><br>**REPORT AND RECOMMENDATION** |

      Petitioner has filed three petitions seeking federal habeas corpus relief that have been docketed under this cause. *See* Dkts. 1,4, and 7. On October 1, 2021, the Court ordered Petitioner to show cause by October 15, 2021, why the Court should not dismiss the matter as untimely. Dkt. 9. At Petitioner's request, the Court granted an extension to October 29, 2021 to show cause. Dkt. 11. As of this date, Petitioner has not responded to the show cause order, and the matter is thus ripe for the Court's review.

      The Court screens petitions under Habeas Rule 4 of the Rules Governing § 2254 habeas cases, and must dismiss the petition, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Petitioner seeks habeas relief for a 2011 conviction. The federal habeas request for relief filed in this Court in 2021 falls far beyond the one-year federal habeas statute of limitations and habeas relief should be denied

REPORT AND RECOMMENDATION - 1

as time-barred. Additionally, Petitioner presents nothing indicating he fully and fairly presented his federal claims to all state courts including the highest state court. This failure renders the claims unexhausted and given the passage of time, procedurally defaulted. The Court accordingly recommends DISMISSAL of this action. If this recommendation is adopted, the Court also recommends a Certificate of Appealability (COA) not

### A. The Current Habeas Petitions

Petitioner's first § 2254 habeas petition challenges Petitioner's Clark County Convictions for two counts of child rape in which Petitioner pled guilty and the sentence imposed about January 20, 2011. Petitioner avers he did not appeal this conviction, Dkt. 1 at 2, but indicates he sought review in the "STATE OF WASHINGTON CTO OF APPEALS." *Id.* He avers he never received a response from the State Court of Appeals and did not file a petition for writ of certiorari in the Supreme Court. *Id.* at 3. As grounds for relief the petition states:

> My rights were never given to me at time of arrest or during interrogations which was many. I was forced to answer questions and write a confession without attorney present. I was forced to undergo questioning time and again without council. Force to write out a statement that I did something that I did not do and years later word got back that the crime was made up by the mother of the alleged victim.

*Id.* at 5. Petitioner also avers he raised this claim in the Court of Appeals in Seattle Washington in 2011 but never received "an answer" from the Court. *Id.* at 6. There is no indication Petitioner sought state supreme court review of the action or inaction of the state court of appeals.

The second habeas petition, filed under § 2241, raises the following grounds for relief:

1. Petitioner was not given Miranda warning when arrested or during questioning.
2. Petitioner was not represented by counsel at his preliminary hearing or bail hearing.

REPORT AND RECOMMENDATION - 2

      3.      Petitioner was out of state when he was arrested and did not know criminal charges had been filed against him and was not given Miranda warnings.

      4.      Petitioner was denied the opportunity to call witnesses to establish he was out of state at the time the crimes were committed in Washington.

      5.      Petitioner was coerced into confessing and given three different plea agreements.

      6.      Petitioner was not taken to a State Hospital for observation.

      7.      Petitioner was not afforded a Grand Jury indictment.

      8.      The prosecuting attorney coerced Petitioner into confessing.

Dkt. 4. The second habeas petition does not contain any information indicating Petitioner sought direct review or collateral review in the state courts on the claims presented after he pled guilty and was sentenced. Petitioner also filed a third petition that mirrors the first petition he filed; the third petition also attached as an exhibit the § 2241 petition he earlier filed at Dkt. 4. *See* Dkt. 7.

## DISCUSSION

Petitioner challenges his January 2011 Clark County, Washington, convictions for two counts of Child Rape. The first habeas petition was submitted for filing on September 13, 2021 some ten years after his sentencing, making the habeas petition untimely and barred by the federal habeas statute of limitations. Because the habeas petitions were filed so far past the limitations period, the Court has considered whether there is an exception to the limitations period that applies here. The Court concludes no exception applies. Petitioner claims errors were committed when he was arrested, and during his pretrial proceedings. Ostensibly these errors contributed to Petitioner's decision to plead guilty. Petitioner's claims are therefore not based upon newly discovered evidence or new United States Supreme Court law made applicable to

REPORT AND RECOMMENDATION - 3

cases on collateral review. Rather the claims rely upon events and actions Petitioner knew about or should have known about before he was sentenced in 2011.

A.      The Federal Statute of Limitations, 28 U.S.C. § 2244(d)

Federal habeas corpus petitions filed by persons imprisoned under a state court judgment are subject to a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(1)(A), "[t]he limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added).

For purposes of 28 U.S.C. § 2244(d)(1)(A), direct review generally concludes and the judgment becomes final either upon the expiration of the time for filing a petition for writ of certiorari with the Supreme Court, or when the Court rules on a timely filed petition for certiorari. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). When there is no direct review or the direct review process terminates prior to reaching the state's highest court, however, the judgment becomes final on an earlier date. *Gonzalez v. Thaler*, 565 U.S. 134 (2012); *Wixom v. Washington*, 264 F.3d 894 (9th Cir. 2001). If the intermediate appellate court affirms the judgment and sentence on direct appeal, and the petitioner does not timely seek review by the state supreme court, the direct review process concludes upon expiration of time for seeking review by the state supreme court and the judgment becomes final on that date. *Gonzalez*, at 150.

In Washington State, a criminal defendant must file a notice of appeal within 30 days after entry of the decision which the defendant wants reviewed. *See* Rule of Appellate Procedure

REPORT AND RECOMMENDATION - 4

5.2. Petitioner did not appeal his criminal judgment which he indicates was entered on January 20, 2011 and judgment therefore became final thirty days later, on February 19, 2011, for purposes of calculating the habeas statute of limitations. Although Petitioner did not appeal his judgment he indicates he submitted a "petition" to the state court of appeals in 2011. *See* habeas petition, Dkt. 5 at 6. Petitioner submitted the first habeas petition on September 13, 2021, some ten years past the date judgment in his case became final or when he filed a petition is the state courts. The habeas petition was thus filed far beyond the statute of limitations, is thus time barred and subject to dismissal.

**B.    Equitable Tolling**

Because Petitioner's federal habeas petition is untimely, the Court may consider the petition only if Petitioner shows there are any equitable grounds to toll the statute of limitations and allow the habeas petition to go forward. The federal statute of limitations may be equitably tolled if the petitioner shows "'(1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010). A simple "miscalculation" of the statutory deadline is not a sufficient basis for demonstrating equitable tolling. *Id*. at 2564. To obtain equitable tolling, extraordinary circumstances beyond a petitioner's control must have prevented the petitioner from filing a federal petition on time. *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc); *Gaston v. Palmer*, 387 F.3d 1004, 1008 (9th Cir. 2004); *Laws v. Lamarque*, 351 F.3d 919, 923-24 (9th Cir. 2003). Equitable tolling is appropriate only where external forces, rather than the petitioner's lack of diligence, account for the failure to file a timely petition. *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). The threshold necessary to obtain equitable

REPORT AND RECOMMENDATION - 5

tolling is thus very high, and the petitioner bears a heavy burden to obtain tolling. *Miranda v. Castro*, 292 F.3d 1063, 1065-66 (9th Cir. 2002).

Here, Petitioner's claims are based upon events and actions that occurred before his arrest, during his arrest, and at sentencing. Petitioner thus knew about or should have known about the factual and legal grounds for his claims and could have filed a federal habeas corpus petition within the federal statute of limitations but did not. Under these circumstances the Court concludes equitable tolling does not apply to this case.

**C.    Exhaustion**

Petitioner may pursue federal habeas under 28 U.S.C. § 2254 relief only after he has exhausted state judicial remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1)(A).[1] *See Rose v. Lundy*, 455 U.S. 509 (1982). The exhaustion doctrine is based on a policy of federal and state comity that recognizes state courts must be afforded the initial opportunity to correct alleged constitutional deprivations. *See Picard v. Connor*, 404 U.S. 270, 275 (1971). A petitioner can satisfy the exhaustion requirement by providing all state courts including the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. *Id.* at 276.

Thus, Petitioner must first fully and fairly present the grounds for relief contained in his habeas petition to the Washington Court of Appeals and Washington Supreme Court. The habeas petition indicates in 2011 Petitioner submitted a "petition" to the state court of appeals in Seattle. The state court of appeals in Seattle is designated as Division I. Division I is not the proper court

---

[1] This section states that "An application for a writ of habeas corpus on behalf of a person in custody to the judgement of a State court shall not be granted unless it appears that —(A) the applicant has exhausted the remedies available in the courts of the State."

REPORT AND RECOMMENDATION - 6

1  of appeals to file state petitions in a case such as this one that challenges a conviction from Clark
2  County. The proper court of appeals for Clark County is Division II. *See* Washington Rules of
3  Appellate Procedure 4.1. This indicates Petitioner did not "properly file" his state petition for
4  relief. For purposes of habeas review, a properly filed state petition must be filed in compliance
5  with a state's rules, including the court and office in which the petition must be lodged. *Artuz v.*
6  *Bennett*, 531 U.S. 4, 8-9 (2000) ("an application is "properly filed" when its delivery and
7  acceptance are in compliance with the applicable laws and rules governing filings.").

8        Here, Petitioner failed to properly seek collateral review because he filed a state petition
9  in the proper state court of appeals. More importantly, Petitioner did not seek review of the state
10 court of appeals' action, or inaction. By failing to present the petition or seek review of the
11 petition in the state supreme court, Petitioner has failed to properly exhaust his federal habeas
12 claims.

13       A federal court must dismiss a habeas petition if all claims are unexhausted. *Coleman v.*
14 *Thompson*, 501 U.S. 722, 731 (1991) ("This Court has long held that a state prisoner's habeas
15 petition should be dismissed if the prisoner has not exhausted state remedies as to any of his
16 federal claims."). Here Petitioner has failed to exhaust and the Court is without jurisdiction to
17 consider his federal habeas claims. *See* 28 U.S.C. § 2254(b)(1).

18       In sum this matter should be dismissed for two reasons, First, Petitioner seeks habeas
19 relief challenging a state judgment that was final in 2011. The habeas petition filed in September
20 of 2021 falls far outside the statute of limitations and is time barred. Even assuming the petition
21 was timely filed, it should be dismissed because Petitioner has not fully and fairly presented his
22 claims to the state courts, including the highest state court.

23

REPORT AND RECOMMENDATION - 7

## CERTIFICATE OF APPEALABILITY

A prisoner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of the petition only after obtaining a COA from a district or circuit judge. A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A prisoner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Under this standard, the Court finds no reasonable jurist would disagree this habeas petition is unexhausted and untimely. The Court should therefore not issue a COA. Petitioner should address whether a COA should issue in his written objections, if any, to this Report and Recommendation.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed no later than **November 18, 2021.** The Clerk shall note the matter for **November 19, 2021**, as ready for the District Judge's consideration. The failure to timely object may affect the right to appeal.

DATED this 4th day of November, 2021.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 8